IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| Rolando Flores | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | Civil Action No: 2:22-cv-65 |
| | § | |
| *versus* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Griffith Ford, Inc. | § | |
| | § | |
| *Defendant* | § | |
| | § | |

Plaintiff's Original Complaint

_____

# Introduction

1. One of the easiest, and certainly the most well recognized, ways to quickly evaluate a car is its mileage. The mileage gives a great deal of information about the amount of wear, required maintenance, and general condition of a car. Tampered odometers directly compromise both the integrity of that information and the value of a car. A tampered odometer affects the safety of cars, not only to owners but to everyone on the road.

2. Congress found that it needed to protect consumers from fraudulent odometer readings since "buyers of motor vehicles rely heavily on the odometer reading as

an index of the condition and value of the vehicle." 49 U.S.C. § 32701.

3. Here, Defendant sold Plaintiff a truck that had been issued a title indicating that the odometer did reflect its actual mileage and failed to disclose this to the Plaintiff.

4. Plaintiff seeks recovery of his actual damages, statutory damages, attorney's fees and costs.

## Jurisdiction and Venue

5. This Honorable Court has jurisdiction of Plaintiff's claims under 28 U.S.C. § 1331.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as Defendant's misrepresentations giving rise to Plaintiff's cause of action took place in the City of Uvalde, Uvalde County, Texas.

## Parties

7. Plaintiff, Rolando Flores, is a natural person who resides in Eagle Pass, Texas.

8. Defendant Griffith Ford, Inc., is a Texas limited liability company, whose mailing address is 3000 E. Main Uvalde, Texas 78801. Griffith may be served via Christopher J. Griffith, its registered agent, at 3000 E. Main Uvalde, Texas 78801 or wherever he may be found.

## Facts

9. In December of 2020, Flores purchased a 2013 Ford F-250 from Defendant

Griffith Ford in Uvalde.

10. Griffith provided all the required documentation, including an odometer disclosure for the truck. The odometer disclosure reflected the mileage on the truck's odometer, the box indicating not actual mileage was not checked. *See* Exhibit A. Neither Griffith nor the disclosure gave Flores any reason to believe he was buying anything other than a Ford F-250 with 100,396 miles.

11. Following the purchase, everything seemed fine with the vehicle, Flores had no complaints about his truck.

12. In March of 2022, Flores was in the market for a new truck. With the market for used trucks being unusually good, he decided to trade it in for a newer truck.

13. Flores took pictures of the vehicle and sent them to a dealership in Houston to be appraised for trade in value. He was offered $35,000 for the vehicle.

14. He thought this was a reasonable offer and planned on accepting it until received a call from the dealership. The dealership told him that a Carfax of his vehicle showed an issue with the title, and that they rescinded their offer.

15. Flores decided to look at the Carfax for himself. For the first time he learned that a previous title had been issued in April of 2019 with "not actual mileage."

16. Griffith Ford did not indicate this on their disclosures. Due to the incorrect

odometer disclosures, Flores did not receive the $35,000 he was going to get for the truck.

17. Now that Flores knows the odometer does not reflect the true mileage of the truck he must disclose it to potential buyers. Since March 2022, he has been unable to sell the truck.

## Cause of Action - Violation of the Motor Vehicles Information and Cost Saving Act

18. Plaintiff reasserts and realleges the above paragraphs as though fully stated herein.

19. The Ford F-250 with a VIN of 1FT7W2BT2DEB33934 is a "motor vehicle" as it is defined in 49 U.S.C. § 32101(7).

20. Defendants violated the Federal Motor Vehicle Information and Cost Savings Act in that it:

    a. Failed to give accurate disclosures in transferring the vehicle, in violation of 49 U.S.C. § 32701 *et. seq.*;

    b. Gave a false statement to Flores in making the disclosure required in violation of 49 U.S.C. § 32705(a).

    c. Failed to disclose the mileage to Flores in writing on the title.

    d. Failed to disclose that the actual mileage is unknown, knowing that the odometer reading is different from the number of miles the vehicle has actually traveled in violation of 49 U.S.C. § 32705(a)(1)(B).

21. As a direct and proximate result of the violations of the statute as pleaded above, Griffith Ford is liable to Flores in the sum of three times its actual damages or $10,000, whichever is greater under 49 U.S.C. § 32710(b).

22. Griffith Ford is also liable to Flores for reasonable attorney fees and court costs upon entry of judgment in its favor.

## Jury Demand

23. Plaintiff respectfully demands a trial by jury in this matter.

## Prayer

Plaintiff prays this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages;
b. The greater of statutory damages in the amount of $10,000 or treble actual damages under 49 U.S.C. § 32710(a);
c. Attorney's fees and costs under 49 U.S.C. § 32710(b);
d. Prejudgment and post-judgment interest as allowed by law;
e. All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com